1
2
3
4
5
6

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

7
8

9   SUPERB O. NWANDU,                          CV F   04 6147 OWW LJO P

10              Plaintiff,                      ORDER DISMISSING WITH LEAVE TO
                                                AMEND (Doc. 1)
11       v.
                                                ORDER DIRECTING CLERK OF COURT TO
12                                              SEND PLAINTIFF BLANK CIVIL RIGHTS
    CALIFORNIA DEPARTMENT OF                    FORM
13   CORRECTIONS, et. al.,

14              Defendants.

15   _____/

16          Superb O. Nwandu ("Plaintiff") is a state prisoner proceeding pro se and in forma

17   pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.  Plaintiff filed the instant

18   action on August 5, 2004, naming the California Department of Corrections, the Warden of

19   Wasco State Prison, and Correctional Officer Figueroa as Defendants.  Plaintiff is seeking

20   monetary damages and transfer to another facility.

21   **A. SCREENING REQUIREMENT**

22          The court is required to screen complaints brought by prisoners seeking relief against a

23   governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

24   court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

25   "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

26   monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

27   "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

28   dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a

1

1 claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

2   A complaint, or portion thereof, should only be dismissed for failure to state a claim upon

3 which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in

4 support of the claim or claims that would entitle him to relief.  See Hishon v. King & Spalding,

5 467 U.S. 69, 73 (1984), *citing* Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v.

6 Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a

7 complaint under this standard, the court must accept as true the allegations of the complaint in

8 question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the

9 pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.

10 Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

11 **B. SUMMARY OF COMPLAINT**

12   Plaintiff alleges that the floor in front of his cell was constantly flooded due to the

13 negligence of staff in shutting off the water hydrant between his and an adjacent cell.  Plaintiff

14 states he slipped on the floor and urged staff to wedge a blanket underneath his cell door to block

15 the water but Officer Figueroa felt the blanket was an eye sore and ordered it removed.

16   Plaintiff next alleges that he requested to be transferred to another facility and that the

17 Warden include consideration of transfer to a facility where Plaintiff felt he would get "proper

18 therapeutic treatment and evaluation" but his request was granted as he was sent to Chuckawalla

19 Valley State Prison and received only basic care.

20   Plaintiff states that he was appointed to a job with pay but that an "unscrupulous

21 correctional officer removed his pay status and assigned it to another inmate worker of his race"

22 stating that the new person performed the job better since Plaintiff was only doing "sedatory [sic]

23 job" as recommended by the facility Doctor.  Plaintiff grieved this issue but was reassigned to a

24 job pulling grass for 7 hours a day which aggravated his condition.

25   Plaintiff states he has filed several inmate grievances to remove excessive disciplinary

26 infractions based on ADA claims only to be denied.  Plaintiff states that he has been refused

27 proper medical evaluation by facility Medical doctors which includes transfer to an adequate

28 medical institution.

2

**C. ANALYSIS**

*1. Linkage Requirement*

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes
> to be subjected, any citizen of the United States . . . to the
> deprivation of any rights, privileges, or immunities secured by the
> Constitution . . . shall be liable to the party injured in an action at
> law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). In order to state a claim for relief under section 1983, plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights.

*2. 11th Amendment*

Plaintiff names the California Department of Corrections as a Defendant. Plaintiff may not sustain an action against a state agency. The Eleventh Amendment prohibits federal courts from hearing suits brought against an unconsenting state. Brooks v. Sulphur Springs Valley Elec. Co., 951 F.2d 1050, 1053 (9th Cir. 1991) (citation omitted); see also Seminole Tribe of Fla. v. Florida, 116 S.Ct. 1114, 1122 (1996); Puerto Rico Aqueduct Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 144 (1993); Austin v. State Indus. Ins. Sys., 939 F.2d 676, 677 (9th Cir. 1991). The Eleventh Amendment bars suits against state agencies as well as those where the state itself is named as a defendant. See Natural Resources Defense Council v. California Dep't of Tranp., 96 F.3d 420, 421 (9th Cir. 1996); Brook, 951 F.2d at 1053; Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (concluding that Nevada Department of Prisons was a state agency

3

1    entitled to Eleventh Amendment immunity); <u>Mitchell v. Los Angeles Community College Dist.</u>,

2    861 F.2d 198, 201 (9th Cir. 1989).

3          Because the California Department of Corrections is a state agency, it is entitled to

4    Eleventh Amendment immunity from suit and Plaintiff's allegations against it must be dismissed

5          *2.  Supervisory Liability*

6          In his complaint, Plaintiff names the Warden of Wasco State Prison as Defendant.

7          Supervisory personnel are generally not liable under section 1983 for the actions of their

8    employees under a theory of <u>respondeat</u> <u>superior</u> and, therefore, when a named defendant holds a

9    supervisorial position, the causal link between him and the claimed constitutional violation must

10   be specifically alleged.  <u>See</u> <u>Fayle v. Stapley</u>, 607 F.2d 858, 862 (9th Cir. 1979); <u>Mosher v.</u>

11   <u>Saalfeld</u>, 589 F.2d 438, 441 (9th Cir. 1978), <u>cert.</u> <u>denied</u>, 442 U.S. 941 (1979).  To state a claim

12   for relief under section 1983 based on a theory of supervisory liability, plaintiff must allege some

13   facts that would support a claim that supervisory defendants either: personally participated in the

14   alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent

15   them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation

16   of constitutional rights' and is 'the moving force of the constitutional violation.'"  <u>Hansen v.</u>

17   <u>Black</u>, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); <u>Taylor v. List</u>, 880 F.2d

18   1040, 1045 (9th Cir. 1989).  Although federal pleading standards are broad, some facts must be

19   alleged to support claims under section 1983.  <u>See</u> <u>Leatherman v. Tarrant County Narcotics Unit</u>,

20   507 U.S. 163, 168 (1993).

21         Plaintiff has not alleged specific facts indicating that the Warden personally participated

22   in the alleged deprivation of constitutional rights; knew of the violations and failed to act to

23   prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a

24   repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'"

25   <u>Hansen v. Black</u> at 646.  For this reason, Plaintiff fails to state a claim for relief against

26   defendants under section 1983.

27         *4.  Eighth Amendment*

28         A prisoner's claim of inadequate medical care does not constitute cruel and unusual

1  punishment unless the mistreatment rises to the level of "deliberate indifference to serious

2  medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). The "deliberate indifference"

3  standard involves an objective and a subjective prong. First, the alleged deprivation must be, in

4  objective terms, "sufficiently serious." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (citing

5  Wilson v. Seiter, 501 U.S. 294, 298 (1991)). Second, the prison official must act with a

6  "sufficiently culpable state of mind," which entails more than mere negligence, but less than

7  conduct undertaken for the very purpose of causing harm. Farmer v. Brennan, 511 U.S. at 837.

8  A prison official does not act in a deliberately indifferent manner unless the official "knows of

9  and disregards an excessive risk to inmate health or safety." Id.

10      In applying this standard, the Ninth Circuit has held that before it can be said that a

11  prisoner's civil rights have been abridged, "the indifference to his medical needs must be

12  substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this

13  cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980), citing

14  Estelle, 429 U.S. at 105-06. "[A] complaint that a physician has been negligent in diagnosing or

15  treating a medical condition does not state a valid claim of medical mistreatment under the

16  Eighth Amendment. Medical malpractice does not become a constitutional violation merely

17  because the victim is a prisoner." Estelle v. Gamble, 429 U.S. at 106; see also Anderson v.

18  County of Kern, 45 F.3d 1310, 1316 (9th Cir. 1995); McGuckin v. Smith, 974 F.2d 1050, 1050

19  (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136

20  (9th Cir. 1997) (en banc). Even gross negligence is insufficient to establish deliberate

21  indifference to serious medical needs. See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir.

22  1990).

23      Here, Plaintiff only makes a passing reference to the fact that he is being refused proper

24  medical care. Plaintiff does not link a named Defendant to an act or omission giving rise to a

25  constitutional violation. Thus, the Complaint fails to state a claim for relief.

26      It is further unclear from the Complaint where the alleged inadequate care occurred. A

27  civil suit concerning events that occurred at Chuckawalla Valley State Prison must be raised in a

28  Complaint filed in the Central District of California. Thus, to the extent any of Plaintiff's

5

1    allegations concern incidents that occurred while Plaintiff was confined at Chuckawalla, they

2    will be dismissed.

3         *5. Job Loss*

4         The Due Process Clause protects prisoners from being deprived of life, liberty, or

5    property without due process of law.  Wolff v. McDonnell, 418 U.S. 539, 556 (1974).  In order to

6    state a cause of action for deprivation of procedural due process, a plaintiff must first establish

7    the existence of a liberty or property interest for which the protection is sought.

8         Plaintiff does not have a liberty interest in his prison job[1], Sandin v. Connor, 515 U.S.

9    472, 484 (1995), and Plaintiff does not have a property interest in his prison job.  See Vignolo v.

10   Miller, 120 F.3d 1075, 1077 (9th Cir. 1997); Rizzo v. Dawson, 778 F.2d 527, 531 (9th Cir.

11   1985).  Because Plaintiff has neither a liberty interest nor a property interest in his prison job,

12   Plaintiff is not entitled to any procedural due process protections in conjunction with his

13   removal.   Accordingly, Plaintiff's allegations fail to give rise to a cognizable claim for relief

14   under section 1983 for violation of the Due Process Clause, or for any other constitutional

15   violation.[2]

16        *6. Negligence*

17        A public employee is liable for injury to a prisoner "proximately caused by his negligent

18   or wrongful act or omission."  Cal. Gov't Code § 844.6(d) (West 2001).  "To establish

19   negligence, a party must prove the following: (a) a *legal duty* to use due care; (b) a breach of

20   such legal duty; (c) the breach as the *proximate* or *legal cause* of the resulting injury."  Hair v.

21   State, 2 Cal. Rptr. 2nd  871, 875 (Cal. Ct. App. 1991) (citations omitted).

22

23        [1] In Sandin v. Connor, 515 U.S. 472 (1995), the Supreme Court abandoned earlier case law which had held
24   that states created protectable liberty interests by way of mandatory language in prison regulations.  Id. at 481-84.
     Instead, the Court adopted an approach in which the existence of a liberty interest is determined by focusing on the
25   nature of the deprivation.  Id.  In doing so, the Court held that liberty interests created by prison regulations are
     limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the
26   ordinary incidents of prison life."  Id. at 484.

27        [2] "Section 1983 . . . creates a cause of action for violations of the federal Constitution and laws."  Sweaney
     v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997) (internal quotations omitted).  "To the extent that the
28   violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by
     the federal Constitution, Section 1983 offers no redress."  Id.

1    Here, Plaintiff alleges that Defendant Figueroa was negligent by failing to order repair of

2  a faulty water hose.  (Complaint at 4.)   However, a violation of state tort law, such as negligence,

3  is not sufficient to state a claim for relief under § 1983.  To state a claim under § 1983, there

4  must be a deprivation of federal constitutional or statutory rights.  See Paul v. Davis, 424 U.S.

5  693 (1976).  Although the Court may exercise supplemental jurisdiction over state law claims,

6  Plaintiff must first have a cognizable claim for relief under federal law.  See 28 U.S.C. § 1367.

7  Here, however, Plaintiff states no cognizable claim for relief under federal law.  Thus, the Court

8  declines to exercise supplemental jurisdiction over his state law claim.

9  **D. CONCLUSION**

10    The Court finds that Plaintiff's Complaint does not contain any claims upon which relief

11  can be granted under § 1983 against any of the Defendants.  The Court will provide Plaintiff with

12  time to file a first Amended Complaint curing the deficiencies identified above should he wish to

13  do so.

14    Plaintiff must demonstrate in the Amended Complaint how the conditions complained of

15  resulted in a deprivation of his constitutional rights.  See, Ellis v. Cassidy, 625 F.2d 227 (9th Cir.

16  1980).  The Amended Complaint must specifically state how each defendant is involved.

17  Further, there can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or

18  connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423,

19  U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir.  1980); Johnson v.  Duffy, 588

20  F.2d 740, 743 (9th Cir.  1978).

21    Finally, Plaintiff is advised that Local Rule 15-220 requires that an Amended Complaint

22  be complete in itself without reference to any prior pleading.  As a general rule, an Amended

23  Complaint supersedes the original complaint.  See Loux v.  Rhay, 375 F.2d 55, 57 (9th Cir.

24  1967).  Once an Amended Complaint is filed, the original Complaint no longer serves any

25  function in the case.  Therefore, in an Amended Complaint, as in an original Complaint, each

26  claim and the involvement of each defendant must be sufficiently alleged.  The Amended

27  Complaint should be clearly and boldly titled "AMENDED COMPLAINT," reference the

28  appropriate case number, and be an original signed under penalty of perjury.

**E.  ORDER**

The Court HEREBY ORDERS:

1.      The Clerk of Court is DIRECTED to SEND Plaintiff a blank civil rights
complaint form;

2.      The Complaint is DISMISSED with leave to amend.  WITHIN THIRTY (30) days
from the date of service of this order, Plaintiff SHALL:

a.      File an Amended Complaint curing the deficiencies identified by the Court
in this Order, or

b.      Notify the Court in writing that he does not wish to file an Amended
Complaint and pursue the action but instead wishes to voluntary dismiss
the case.

Plaintiff is forewarned that his failure to comply with this Order may result in a
Recommendation that the complaint be dismissed pursuant to Local Rule 11-110.

IT IS SO ORDERED.

**Dated:    November 28, 2005**              /s/ Lawrence J. O'Neill
b6edp0                                        UNITED STATES MAGISTRATE JUDGE