**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUPERB O. NWANDU, | CV F   04 6147 OWW LJO P |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION  (Doc. 5.) |
| CALIFORNIA DEPARTMENT OF CORRECTIONS, et. al., | |
| Defendants. | |

Superb O. Nwandu ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.  Plaintiff filed the instant action on August 5, 2004, naming the California Department of Corrections, the Warden of Wasco State Prison, and Correctional Officer Figueroa as Defendants.

On November 28, 2005, the Court dismissed the Complaint with leave to amend. Plaintiff filed an Amended Complaint on December 27, 2005.

**A.  SCREENING REQUIREMENT**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

1  "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek
2  monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).
3  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall
4  dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a
5  claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).
6       A complaint, or portion thereof, should only be dismissed for failure to state a claim upon
7  which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in
8  support of the claim or claims that would entitle him to relief.  See Hishon v. King & Spalding,
9  467 U.S. 69, 73 (1984), *citing* Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v.
10 Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a
11 complaint under this standard, the court must accept as true the allegations of the complaint in
12 question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the
13 pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.
14 Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).
15 **B. SUMMARY OF COMPLAINT**
16      In the Amended Complaint, Plaintiff alleges that he fell on a wet floor caused by the
17 constant flooding of a water hydrant that had been negligently left on.  Plaintiff states that he
18 asked Defendant FIgueroa to move him to another cell to avoid a repeat incident and his request
19 was denied.  Plaintiff states that the following day when he went for his regularly scheduled
20 medication, he slipped and fell again twisting his back and thigh muscle seriously.  Plaintiff
21 states that he has requested a transfer to an adequate medical facility from Wasco but his request
22 has been denied and his medical needs not considered.  Plaintiff is requesting that he be granted
23 monetary damages, time off of his sentence so he can pursue treatment, and continued medical
24 care after he is released from the penal system.
25 **C. ANALYSIS**
26     *1. Institutional Transfer*
27      As in the previous Complaint, Plaintiff states that his request to be transferred to another
28 cell and another institution were denied.  However, prisoners have no constitutional right to

incarceration in a particular institution. See Meachum v. Fano, 427 U.S. 215, 224, 96 S.Ct. 2532 (1976). Thus, this allegation does not state a cognizable claim for relief.

### 2. *Negligence*

A public employee is liable for injury to a prisoner "proximately caused by his negligent or wrongful act or omission." Cal. Gov't Code § 844.6(d) (West 2006). "In order to establish negligence under California law, a plaintiff must establish four required elements: (1) duty; (2) breach; (3) causation; and (4) damages." Ileto v. Glock Inc., 349 F.3d 1191, 1203 (9th Cir. 2003).

In this case, although Plaintiff uses the term "negligent," he fails to state sufficient facts establishing a cognizable claim of Negligence. Even had Plaintiff alleged sufficient facts, a violation of state tort law, such as negligence, is not sufficient to state a claim for relief under § 1983. To state a claim under § 1983, there must be a deprivation of federal constitutional or statutory rights. See Paul v. Davis, 424 U.S. 693 (1976). As such, plaintiff's claim must be dismissed. Plaintiff was made aware of this in the first Order dismissing with leave to amend. Given Plaintiff's amendment and the facts alleged, the Complaint fails to allege a federal constitutional violation and must be dismissed.

**D.  CONCLUSION AND RECOMMENDATION**

Based on the foregoing, the Court finds that Plaintiff has failed to state a claim for relief under section 1983 even after having been given the opportunity to cure the defects outlined in his Complaint. Further, the Court finds that the deficiencies outlined above are not capable of being cured by amendment, and therefore leave to amend should not be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Noll v. Carlson, 809 F. 2d 1446, 1448-49 (9th Cir. 1987). Accordingly, the Court RECOMMENDS that this action be dismissed in its entirety. The Court also recommends that all pending Motions be DENIED as moot.

It is HEREBY ORDERED that these Findings and Recommendations be submitted to the United States District Court Judge assigned to the case pursuant to the provision of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within THIRTY (30) days after being served with a copy

of this Report and Recommendation, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the Objections shall be served and filed within TEN (10) <u>court</u> days (plus three (3) days if served by mail) after service of the Objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).

The parties are advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Court. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:  December 7, 2006**             /s/ Lawrence J. O'Neill
b9ed48                                              UNITED STATES MAGISTRATE JUDGE